THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ RAMÓN ROBLES RIVERA, k/a RONCO, Defendant and Appellant.

No. CR-65-227.      Decided December 14, 1967.

*José Ramón Robles Rivera, pro se. J. B. Fernández Badillo, Solicitor General,* and *Lolita Miranda, Assistant Solicitor General,* for The People.

PER CURIAM: Since the year 1960 Víctor Manuel Acevedo Buceta worked as special internal revenue agent in the Narcotics Division in pursuit of the unlawful drug traffic. On October 6, 1964, at ten thirty in the morning said agent was, together with other agents, in Puerta de Tierra Section. He observed three individuals, among them one known as "Nene," who was known by the agents as a drug addict and pusher. From the other side of the street the defendant crossed towards the group where "Nene" was. The agents entered a store from where they could observe through a shopwindow and at a distance of about six feet what was happening. Agent Acevedo Buceta testified that from there he saw "Nene" drawing out money and delivering it to the defendant who in turn drew out from the right pocket of his trousers a small envelope three inches long by two inches wide, from which, after opening it, he drew out what looked like a deck of those used to pack heroin and delivered it to "Nene." Upon noting the presence of agents Acevedo and Lapuerta, the defendant walked away rapidly and then ran. The agents pursued him, stopped him, and upon searching him they seized three packages each one containing twenty-five decks of alleged heroin in the pocket of his trousers. The chemical analysis of the content of the envelopes seized on defendant revealed that they contained heroin.

Based on these facts the prosecuting attorney filed an information against appellant for three violations of the Narcotics Act.

After he willfully and legally waived trial by jury the case was heard by the court. After the evidence was presented the trial court found him guilty of the three counts and sentenced him to serve from five to twenty years in the penitentiary in each count, to be served concurrently.

He assigns that the trial court committed a first error "in admitting the testimony of Agent Acevedo Buceta, because it is assumed to be allegedly and repeatedly controverted."

■ The assignment lacks merit. The testimony of Agent Acevedo deserved credit to the trial judge and there is no basis in the record to conclude that upon doing so he committed error. We should not, therefore, disturb the weighing of the evidence made by the trier of the facts. *People* v. *Serrano Nieves*, 93 P.R.R. 55 (1966).

Appellant alleges that the trial court erred "in not granting the defense a continuance so that the court could move to the scene of the crime."

■ No error was committed. The granting of a motion for carrying out an inspection rests within the sound discretion of the court and it has not been established that the court abused its discretion, particularly if it is considered that the judge knew the place where the facts occurred. *People* v. *Villegas*, judgment of September 30, 1963.

■ . The motion for the continuance of the hearing of the case for the next day was made by the defense to see whether it could obtain some evidence to challenge agent Acevedo's testimony. It could not tell the court what evidence it would bring nor could it assure the court that it was going to bring that evidence. The trial court did not abuse its discretion in refusing to grant the continuance of the hearing of the case. *People* v. *Cordero*, 82 P.R.R. 367 (1961).

■ As third and last error appellant maintains that the trial court committed error in "dismissing the question of law requested by the defense to suppress the evidence presented by the people since the same was the result of an unlawful arrest."

If we consider (1) the agent's experience and his knowledge of the transactions involving decks of heroin, (2) the suspicious situation created by the defendant upon delivering a small envelope to a drug addict and receiving money from him, and (3) defendant's flight upon becoming aware of the agents' presence, we cannot conclude that his arrest and search was unlawful. *People* v. *Cabrera Cepeda,* 92 P.R.R. 68 (1965).

The judgments appealed from will be affirmed.

Mr. Justice Belaval did not participate herein.